**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 22-1333

TAMETHA D. JONES,

Plaintiff - Appellant,

v.

COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,

Defendant - Appellee.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Mary Gordon Baker, Magistrate Judge.  (2:20-cv-02398-MGB)

Submitted:  April 27, 2023                                      Decided:  May 10, 2023

Before NIEMEYER, WYNN, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF**: William D. Mayes, SMITH, MASSEY, BRODIE, GUYNN & MAYES, Aiken, South Carolina, for Appellant.  Brian O'Donnell, Regional Chief Counsel, Katie M. Gaughan, Supervisory Attorney, M. Jared Littman, Special Assistant United States Attorney, Office of the General Counsel, SOCIAL SECURITY ADMINISTRATION, Philadelphia, Pennsylvania; Corey F. Ellis, United States Attorney, Beth Drake, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tametha D. Jones appeals the magistrate judge's order[*] upholding the Administrative Law Judge's (ALJ) denial of Jones' applications for disability insurance benefits and supplemental security income. "In social security proceedings, a court of appeals applies the same standard of review as does the district court. That is, a reviewing court must uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) (cleaned up). "Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (cleaned up). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (cleaned up).

We have reviewed the record and perceive no reversible error. The ALJ applied the correct legal standards in evaluating Jones' claims for benefits, and the ALJ's factual findings are supported by substantial evidence. Accordingly, we affirm the magistrate

---

[*] The parties consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

2

judge's judgment. *Jones v. Comm'r of Soc. Sec. Admin.*, No. 2:20-cv-02398-MGB (D.S.C. Jan. 26, 2022). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*
